IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE BOOKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-194-SMY-PMF |
| | ) |
| LESLIE MCCARTY et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Philip M. Frazier (Doc. 39). Judge Frazier recommends that the undersigned deny Plaintiff's Motion for Preliminary Injunction (Doc. 4) and deny Defendant's Motion to Revoke Plaintiff's pauperis status (Doc. 27). Plaintiff filed a timely objection (Doc. 43). Defendants have not objected.[1] For the following reasons, the Court adopts Judge Frazier's Report and Recommendation in its entirety.

## Background

Plaintiff Willie Booker, an inmate currently incarcerated at Menard Correctional Center ("Menard"), filed this lawsuit alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants violated his Eighth Amendment rights when they failed to place him in protective custody at Menard after he received gang-related threats from other inmates at the prison.

---

[1] Where no timely objections to the Report and Recommendation are made, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court fully agrees with Judge Frazier's findings that there are insufficient reasons and facts to revoke Plaintiff's pauperis status. Accordingly, Defendants' motion to revoke Plaintiff's pauperis status is denied.

Plaintiff is a convicted sex offender and a former member of the Gangster Disciples prison gang. Plaintiff currently resides in cell 812 in the North Cell House at Menard with another inmate who has not been hostile towards him. However, Plaintiff alleges that he has received numerous threats that he will be killed if he returns to the general population housing unit. On October 20, 2015, Plaintiff had an altercation with another inmate during a meal. Plaintiff was not injured during the incident. Other than the alleged threats and the isolated incident, there have been no incidents of inmates attempting to harm Plaintiff. Following an evidentiary hearing on Plaintiff's motion, Judge Frazier issued his Report and Recommendation.

The Report and Recommendation sets forth the nature of the evidence presented by both sides as well as the applicable law. Judge Frazier concluded that Plaintiff failed to establish the elements required to obtain a preliminary injunction (Doc. 39). Specifically, Judge Frazier found that Plaintiff's likelihood of success on the merits of his Eighth Amendment claim is low because he cannot show that the defendants acted with deliberate indifference to his serious needs.

**Discussion**

The undersigned must undertake a *de novo* review of the Judge Frazier's recommendation to deny Plaintiff's motion for preliminary injunction because a timely objection was filed. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights,* 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper,* 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992

2

Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper,* 824 F. Supp. at 788.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The purpose of such an injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Fahenm-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). In order to obtain a preliminary injunction, Plaintiff has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012), *citing Am. Civil Liberties Unions of Ill. v. Alvarez,* 679 F.3d 583, 589-90 (7th Cir. 2012).

In the context of prisoner litigation, the scope of the Court's authority to enter an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

Plaintiff generally objects to Judge Frazier's finding that he is not in imminent danger and asserts that he is seeking to mitigate his damages from a threatened attack by requesting

3

prospective injunctive relief in the form of protective custody status based on the alleged threats he has received from other inmates. Plaintiff further asserts that if a preliminary injunction is not granted, he will likely be harmed at some point by other inmates.

The Court is mindful of Plaintiff's concerns. However, there is no evidence that Plaintiff will suffer irreparable harm if the injunction is not granted. Plaintiff has been in the general population since December 2015 and has not suffered any physical harm by another inmate during that timeframe. Additionally, Plaintiff is currently being housed in a protective custody unit pending a decision of by the ARB. Again, a preliminary injunction is an "extraordinary and drastic remedy" requiring the movant to demonstrate its justification by a clear showing. *Mazurek,* 520 U.S. at 972. After thoroughly reviewing the record before it, the Court agrees with Judge Frazier's analysis and conclusions.

## Conclusion

For the reasons set forth above, the Court **ADOPTS** Judge Frazier's Report and Recommendation (Doc. 39). Plaintiff's Motion for Preliminary Injunction and Defendants' motion to revoke Plaintiff's pauperis status are **DENIED.**

**IT IS SO ORDERED.**

**DATED: September 1, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**