IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIE BOOKER, B61837, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-00194-SMY-RJD |
| | ) | |
| LESLIE McCARTY, | ) | |
| JOHN R. BALDWIN, | ) | |
| KIMBERLY BUTLER, | ) | |
| JEANETTE COWAN and | ) | |
| WILLIAM SPILLER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on several motions filed by the parties. Each will be addressed in turn. First, Plaintiff Willie Booker filed a Motion to Compel. (Doc. 60). Defendants oppose the motion. (Doc. 71). Booker seeks to compel the Defendants to respond to various written discovery requests included in his Fourth Request for Production of Documents. The motion to compel is hereby granted in part and denied in part.

In ¶2 of his Fourth Request for Production (Doc. 60-1, p. 3), Booker seeks "[a]ny and all IDOC [Illinois Department of Corrections] policies, Directives, Regulations that defines the job description of the: Director of the IDOC, the Administrative Review Board, Clinical Service, Case Worker, Internal Affairs, Chief Administrative Officer, and office of inmate issues." Defendants object to the request, stating that the requested documents are irrelevant to Booker's claims and the request is overbroad.

Defendants' objection is sustained. Plaintiff is proceeding on a failure to protect claim (Count 1) arising out of the November 2015 denial of protective custody, and a state law

1

intentional infliction of emotional distress claim (Count 4). *See* Docs. 13-14. The Court agrees that Booker's request for "policies, Directives, [and] Regulations" pertaining to the specified issues is overly broad and of questionable relevance. Defendants need not supplement their answer.

In ¶3, Booker seeks "[a] copy of plaintiff['s] medical records dating from October 17, 2016 through November 22, 2016. This shall include all documents pertaining to plaintiff Booker['s] hunger strike." Defendants object to this request on the basis of relevancy, noting that they already provided Booker with medical records from December 28, 2015, through January 11, 2016. Defendants also state that Booker is free to purchase the requested medical records from the Menard Health Care Unit.

Defendants' objection is sustained. The requested medical records involve events that occurred nearly a year after the events that form the basis of this lawsuit. If Booker desires said documents, he may purchase them from the prison.

In ¶4, Booker requests "[a] copy of Internal Affairs Sargent B. Anthony [sic] report in February 2015 regarding plaintiff Booker being in fear of his life. This is for failure to report claim." Defendants object to this request on the basis that Anthony is not a party to this lawsuit, and cannot be ordered to produce documents. Defendants then state that a report drafted by Anthony was produced to Booker, which Booker then filed at Doc. 60-1, p. 16.

Defendants' objection to ¶4 is overruled. When responding to a Rule 34 request for production, a party must provide all responsive documents that are reasonably available. *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 376 (S.D. Ind. 2009). Defendants state that they did in fact produce the report to Booker; however, the identified document appears to be an email from Anthony to other Menard officials. As high ranking IDOC officials,

Defendants shall be required to produce the requested report. If portions of the report contain sensitive information that may pose an institutional security risk if disclosed, Defendants may redact those portions.

In ¶5, Booker requests "[a] copy of any all [sic] IDOC Policies, Directives, Regulations Setting Forth the powers of the: Director of the IDOC, Administrative Review Board, Clinical Service, Case Worker, Internal Affairs, Chief Administrative Officer, and office of inmate issues." Defendants object to this request on the basis that it is similar to ¶2 in that it is is overly broad and largely irrelevant. The Court agrees. Booker's request at ¶5 is an overly broad compound question of marginal relevance. Moreover, Defendants correctly note that state and local law does not set the standards for whether a constitutional violation has occurred. *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006). Defendants' objection is sustained.

In ¶8, Booker seeks "[a] copy of any and all documents that the Ill. Dept. of Corr. received from the Winnebago County Jail in 2004 regarding plaintiff Booker." Similarly, in ¶9, Booker requests all documents received by IDOC from the Rockford Police Department in 2004. Booker states that he needs such documents because they inform "IDOC who Plaintiff Booker is charged with killing." Defendants argue that the request is overbroad in time and scope, and irrelevant to this case. Defendants' objection is sustained. The requested documents were presumably drafted over ten years prior to the events in this lawsuit. As such, the documents have little if any probative value.

In ¶¶ 10, 11 and 12, Booker requests IDOC policies, directives and regulations pertaining to the IDOC classification system, inmates that are at risk of assault and sex offender segregation. Defendants state they provided Booker with the relevant policy on protective

3

custody procedures and that the rest of the requested documents are irrelevant. The Court agrees with the Defendants. Booker's requests are overbroad and much of the requested documents would have little probative value. Defendants' objections are sustained.

In ¶13, Booker requests "[a] copy of any and all IDOC documents classifying plaintiff Booker as a sex offender." Defendants assert that the request is a compound question, overly broad and irrelevant. Defendants also state, "Defendants have already admitted that, according to IDOC records, Plaintiff is a convicted sex offender. This request serves no purpose to the instant litigation other than to harass Defendants."

Booker's request would presumably encompass any IDOC document that identifies his criminal history. Such a request is overly broad and of questionable relevance. Defendants' objections are sustained.

Next, Booker filed a motion for recruitment of counsel. (Doc. 61). Booker states in his motion that he is incapable of litigating the claims in this case without the assistance of counsel. According to Booker, he is allowed little access to the law library and he suffers from mental disabilities that impede his ability to manage this lawsuit. Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel, the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's motion indicates that he has made a reasonable attempt at obtaining counsel on his own. However, Booker appears competent to litigate this case at this time. His filings to date are generally articulate, well written and demonstrate an understanding of legal concepts.

4

Booker has personal knowledge of the facts underlying his claims. He is also currently located at Menard, the facility where this lawsuit originated. Booker's motion for recruitment of counsel is denied, but he may file a new motion after the summary judgment phase of litigation.

Booker has also filed a motion seeking leave to amend his complaint. Booker is currently proceeding on his first amended complaint (Doc. 14) that asserts a failure to protect claim (Count 1) and a state law intentional infliction of emotional distress claim (Count 4). Booker's proposed amended complaint adds multiple new claims, substitutes one defendant, adds one new defendant and includes new information. Defendants oppose Booker's motion. (Doc. 80). Booker also filed a reply to Defendants' response. (Doc. 83). However, Booker's reply brief is 24 pages in length. Pursuant to Local Rule 7.1, reply briefs are limited to 5 pages in length and shall only be filed in exceptional circumstances. As such, Booker's motion for extension of time to file a reply brief (Doc. 82) is hereby denied and his reply shall not be considered.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." However "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). Here, the scheduling order in this case set a September 16, 2016 deadline to file amended pleadings. (Doc. 28). Booker seeks leave to amend his complaint over one year after the deadline has passed. Moreover, Booker is on the "three strikes" list for filing three or more lawsuits that are frivolous or fail to state a claim. *See* 28 U.S.C. § 1915(g); Doc. 13. As such, the Court is reluctant to expand the scope of this lawsuit. Booker's motion for leave to amend shall therefore be denied.

Finally, both Booker and Defendants have filed motions to extend discovery and dispositive motions deadlines. (Docs. 81 and 84). The motions are granted as follows. The deadline to complete discovery is extended to December 1, 2017. Dispositive motions may be filed no later than December 18, 2017. Defendants shall produce the Anthony report (as requested in Plaintiff's motion to compel) no later than November 17, 2017.

**IT IS SO ORDERED.**

**DATED:  November 3, 2017.**

*s/Reona J. Daly*
**REONA J. DALY**
**UNITED STATES MAGISTRATE JUDGE**