IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIE BOOKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-194-SMY-RJD |
| | ) | |
| LESLIE MCCARTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the following motions filed by Plaintiff Willie Booker:

1. Motion to Reconsider November 3, 2017 Order Allowing Defendants to Redact Anthony's Report If It Contains Sensitive Information (Doc. 87);

2. Motion to Reconsider Court's November 3, 2017 Decision to Deny Plaintiff's Motion for Leave to File a Sixth Amended Complaint (Doc. 88); and

3. Motion to Compel Defendants to Produce the Documents that Plaintiff Requested in Plaintiff's Sixth Request for Production of Documents (Doc. 89).

The Court has reviewed the motions and any responses thereto, and sets forth its rulings below.

**Motions to Reconsider November 3, 2017 Order (Docs. 87 and 88)**

Plaintiff asks the Court to reconsider two rulings set forth in its November 3, 2017 Order (Doc. 86). In its November 3, 2017 Order, the Court required Defendants to produce the report prepared by Internal Affairs Officer Anthony in February 2015. The undersigned indicated that if portions of the report contained sensitive information, such information could be redacted if it would pose an institutional security risk. Plaintiff now asks that the Court reconsider its decision and perform an in camera review of the document to determine if the redactions (if any) are

appropriate. On December 1, 2017, Defendants filed a Notice of Compliance (Doc. 93) explaining that they had conducted a search for any investigative report produced by Sgt. Anthony related to Plaintiff in February 2015, but had not discovered any such report aside from an email sent by Anthony on February 26, 2015. Defendants have previously produced the email to Booker. The Court has reviewed the redactions in the email and finds that they were appropriate. Accordingly, Plaintiff's Motion to Reconsider (Doc. 87) is **DENIED**.

Plaintiff also asks the Court to reconsider its denial of his motion for leave to file a sixth amended complaint (Doc. 88). In its November 3, 2017 Order, the Court noted that Plaintiff's proposed amended complaint attempted to add multiple new claims, substitute a defendant, and add a new defendant. The Court denied Plaintiff's motion to amend because of the undue delay in filing (the deadline to file amended complaints had passed more than a year prior to the filing of his motion), and because of Plaintiff's "three striker" status, which necessarily causes the Court to be reluctant to expand the scope of this lawsuit.

Plaintiff asks the Court to reconsider its decision because the scheduling and discovery order's deadline to seek leave to amend was limited to identifying any John Doe defendants, which his proposed sixth amended complaint does not do. Plaintiff also indicates that he has corrected the deficiencies the Court previously identified in his equal protection and due process claims, and he seeks leave to add these claims, as well as new allegations demonstrating the ongoing severe emotional distress he has endured as a result of Defendants' conduct. While the Court is mindful of Plaintiff's arguments, they are unavailing. Aside from Plaintiff's failure to adequately cure the deficiencies in his proposed due process and equal protection claims, the overriding issue is Plaintiff's status as a "three striker." Because of this classification, Plaintiff may only proceed in this action *in forma pauperis* on claims in which he alleges a serious physical injury is imminent or

occurring at the time the complaint is filed. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Plaintiff's proposed amended complaint makes no such allegations with respect to the claims he seeks to add. Further, the proposed allegations demonstrating the severe distress Plaintiff is enduring are unnecessary to support the claims that are proceeding in this action. For these reasons, Plaintiff's Motion to Reconsider (Doc. 88) is **DENIED**.

### Motion to Compel (Doc. 89)

In this motion, Plaintiff asks the Court to order Defendant Cowan to provide documents responsive to paragraph 2 of his Sixth Request for Production of Documents, which is set forth as follows: "A copy of the documents Defendant Cowan relied upon to make her recommendation to deny Plaintiff Booker November 2015 protective custody request" (*see* Doc. 89, p. 7). In response to this request, Defendant Cowan indicated that she lacked "present recollection of the documents she reviewed in making her recommendation to deny Offender Booker's October 13, 2015 Protective Custody Request," and explained that "[i]nvestigating protective custody requests is a case-specific process, which may involve reviewing master file documents, prior protective custody requests and decisions, and IDOC Offender Tracking System/Offender 360 Information" (*Id.* at 10). Defendant objected to the request to the extent it sought production of Plaintiff's entire master file and OTS/Offender 360 Information.

In his motion to compel, Plaintiff asserts that this response conflicts with Defendant Cowan's response to paragraph one of his Fourth Set of Interrogatories. In that request, Plaintiff asked Defendant Cowan to "[s]tate and identify the exact information [she] relied upon to deny plaintiff Booker November 2015 protective custody request" (*Id.* at 13). In response to this request, Defendant Cowan indicated that in coming to her recommendation she interviewed Booker and investigated his claims by reviewing his past requests for protective custody and the

subsequent decisions on those requests, and she also indicated she searched available IDOC Offender Tracking System information and master file documents about Booker and the inmates he listed on his protective custody request as being enemies.

In response to Plaintiff's motion, Defendant Cowan indicated she recognized the discrepancy in her responses and had requested the documents referenced in paragraph two of Plaintiff's sixth request for the production of documents and would supplement her response upon receipt of the same. Defendant provided her supplemental response on December 1, 2017 and produced the "type of documents she generally reviews when making" her recommendation on protective custody requests, although she maintained that she lacked present recollection of the exact documents she reviewed in making her recommendation. The Court has reviewed the documents produced by Defendant Cowan and finds that they are responsive to Plaintiff's request. Further, insofar as Defendant did not produce Plaintiff's master file and OTS/Offender 360 information, the Court sustains Defendant's objection to producing the same. Accordingly, Plaintiff's Motion to Compel (Doc. 89) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 8, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**